IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>JM CLARK CONSTRUCTION, LLC, and JOHN M. CLARK,<br><br>  Defendants. | C.A. No. 1:21-cv-166 |

## COMPLAINT

AND NOW comes the Plaintiff, The Ohio Casualty Insurance Company ("Ohio Casualty"), by and through its undersigned counsel, *Bentz Law Firm, P.C.*, and for its Complaint against the Defendants, JM Clark Construction, LLC and John M. Clark ("JMCC" and "Mr. Clark," respectively, and "Defendants," collectively), states as follows:

### JURISDICTION AND VENUE

1. Ohio Casualty is a Corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 62 Maple Avenue, Keene, NH 03431.

2. Defendant JMCC is a Limited Liability Corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 828 Hamilton Corners Road, Titusville, PA 16354.

3. Defendant Mr. Clark is an adult individual who resides in and is domiciled in the Commonwealth of Pennsylvania at 828 Hamilton Corners Road, Titusville, PA 16354 and is a member of JMCC.

4. Jurisdiction is proper herein pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 exclusive of interest and costs, and the parties are of diverse citizenship.

5. Venue is proper herein pursuant to 28 U.S.C. § 1391 as all Defendants reside in the Commonwealth of Pennsylvania and this judicial district and a substantial part of the events or omissions giving rise to Ohio Casualty's claims against Defendants occurred in this judicial district.

## FACTUAL BACKGROUND

6. Ohio Casualty issued a performance and payment bond ("Bond") on behalf of JMCC for the benefit of the Pennsylvania System of Higher Education ("Owner").

7. The Bond was in connection with a renovations and additions project at Slippery Rock University's Strain Behavioral Science Building ("Project"), as well as the contract that served as the basis for the Project ("Contract").

8. The Bond has a penal sum of $2,395,000.00.

9. As consideration for Ohio Casualty's issuance of the Bond, Defendants entered into an Agreement of Indemnity in favor of Liberty Mutual Insurance Company and any other company that is part of or added to the Liberty Mutual Group including, but not limited to, Ohio Casualty, effective March 3, 2017 ("Indemnity Agreement"), a copy of which is attached hereto as Exhibit "A" and incorporated by reference as if fully set forth herein.

10. The Indemnity Agreement contains an express assignment to Ohio Casualty of all of JMCC's rights, title and interest in bonded contracts, including JMCC's right to receive further contract payments in the event that JMCC and/or Mr. Clark defaults on the Indemnity Agreement.

11. The Indemnity Agreement also provides that Ohio Casualty has sole discretion to settle bond claims per the following section:

2

> THIRTEENTH: SETTLEMENTS - The Surety shall have the right, at its option and sole discretion, to adjust, settle or compromise any claim, demand, suit or judgment upon any Bond, unless any Indemnitor or Principal, providing a reasonable legal basis therefor, shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

12. To date, Ohio Casualty has received numerous payment bond claims against the Bond from subcontractors and suppliers of JMCC on the Project.

13. To date, Ohio Casualty has paid a total of $270,034.92 of payment bond claims on the Project listed as follows:

| Claimant: | Claim Amount: |
| --- | --- |
| Builders' Hardware and Specialty Company | $40,845.43 |
| C.W. Beal, Inc. | $27,680.75 |
| Economy Glass & Aluminum, LLC | $58,367.39 |
| Allegheny Installations Company | $68,576.70 |
| Marsa, Inc. | $59,624.65 |
| G&W Roofing and Construction | $14,940.00 |
| Total Claim Amount: | $270,034.92 |

14. In addition to the above claim amounts, Ohio Casualty has paid $17,988.00 in legal fees, to date, related to the aforesaid claims.

15. The legal fees, claims, and all other costs incurred by Ohio Casualty on this matter amount to $288,022.92.

16. Ohio Casualty anticipates the possibility of further loss by way of additional claim payments and professional fees.

17. In the Indemnity Agreement, each of the Defendants jointly and severally agreed to the following:

> "SECOND: INDEMNITY – The Indemnitors shall exonerate, hold harmless, indemnify, and keep indemnified the Surety from and against any and all liability for losses, fees, costs and expenses of whatsoever kind or nature including, but not limited to, pre- and post- judgement interest at the maximum rate permitted by law accruing from the date of a breach of this Agreement or a breach of any other written agreements between or for the benefit of the Surety and the Indemnitor(s) and/or Principal(s) (hereinafter referred to as "Other Agreements"), court costs, counsel fees, accounting, engineering, and any other outside consulting fees and from and against any and all such losses, fees, costs, and expenses, which the Surety may sustain or incur: (1) by reason of being requested to execute or procure the execution of any Bond; or (2) by having executed or procured the execution of any Bond; or (3) by reason of the failure of the Indemnitors or Principals to perform or comply with any of the covenants and conditions of this Agreement or Other Agreements; or (4) in enforcing any of the covenants and conditions of this Agreement or Other Agreements. Payment by reason of the aforesaid causes shall be made to the Surety by the Indemnitors and/or Principals promptly, upon demand by the Surety, whether or not the Surety shall have made any payment therefor and, at the Surety's sole option, irrespective of any deposit of collateral. (Indemnity Agreement, at Exhibit "A," § SECOND: INDEMNITY, p. 1).

18. The Indemnity Agreement further provides that:

> If the Surety determines, in its sole judgment, that potential liability exists for losses and/or fees, costs and expenses for which the Indemnitors and Principals will be obliged to indemnify the Surety under the terms of this Agreement or Other Agreements, the Indemnitors and/or Principals shall deposit with the Surety, promptly upon demand, a sum of money equal to an amount determined by the Surety or collateral security of a type and value satisfactory to the Surety, to cover that liability whether or not the Surety has: (a) established or increased any reserve; (b) made any payments; or (c) received any notice of any claims therefor. At the Surety's sole option, such collateral shall be in addition to and not in lieu of any other collateral that has been previously provided to the Surety." *Id.*

19. By two letters dated June 11, 2021, copies of which are attached hereto collectively as Exhibit "B" and incorporated by reference as if fully set forth herein, Ohio Casualty made demand on Defendants that they jointly and severally issue payment to Ohio Casualty in the amount of $288,022.92 within five (5) business days of the date of the letter pursuant to the terms and conditions of the Indemnity Agreement.

20. To date, Defendant Indemnitors have failed to provide Ohio Casualty with payment in response to Ohio Casualty's demand.

21. The Indemnity Agreement further requires the Defendant Indemnitors to hold bonded contract funds (i.e., the contract funds JMCC has received on the Project) in trust for Ohio Casualty as follows:

> "ELEVENTH: TRUST FUND – To the extent permitted under applicable law, the Indemnitors and Principals covenant and agree that all of their interest, title and rights in any contract or undertaking referred to in any Bond, or in, or growing in any manner out of any Bond, including but not limited to payments for or on account of any contract, shall be held as a trust fund and/or as a constructive or equitable trust in which the Surety has an interest, and shall inure to the benefit of the Surety for any liability or loss it may have or sustain under any Bond including but not limited to the payment of obligations incurred in the performance of any contract and for labor, materials, and services furnished in the prosecution of the work provided in any contract or any authorized extension or modification thereof; and, further, it is expressly understood and declared that all monies due and to become due under any contract covered by any Bond are trust funds, whether in the possession of the Indemnitors or Principals or otherwise, for the benefit of and for payment of all such obligations in connection with any such contract for which the Surety would be liable under any Bond; said trust also inures to the benefit of the Surety for any liability or loss it may have or sustain under any Bond, under this Agreement, or under any Other Agreements, and this Agreement constitutes notice of such trust." (Indemnity Agreement, at Exhibit "A," § ELEVENTH: TRUST FUND, p. 3).

22. Ohio Casualty further holds a security interest in the Indemnitors' assets.

23. The Indemnity agreement provides, in pertinent part, that:

> THIRD: ASSIGNMENT – The Indemnitors hereby consenting do assign, transfer, pledge and convey to the Surety and agree to use their best efforts to cause the Principals to assign, transfer, pledge and convey to the Surety as collateral security for the full performance of the covenants and agreements herein contained, contained in Other Agreements and for the payments of any other indebtedness or liability of the Indemnitors and/or Principals to the Surety, whether heretofore or hereafter incurred, the assignment in the case of each contract being effective as of the date of the Bond covering such contract, the following: (a) all the right, title, and interest of the Indemnitors and/or Principals in, and growing in any manner out of, all contracts referred

> to in the Bonds, or in, or growing in any manner out of the Bonds; (b) all the right, title and interest of the Indemnitors and/or Principals in and to all machinery, supplies, equipment, plant, tools and materials which are now or may hereafter be, about or upon the site or sites of any and all contractual work referred to in the Bonds or elsewhere, including materials purchased for or chargeable to any and all contracts referred to in the Bonds, materials which may be in the process of construction, in storage at the site or elsewhere, or in transportation to any and all sites; (c) all the right, title and interest of the Indemnitors and/or Principals in and to all subcontracts let or to be let in connection with any and all contracts referred to in the Bonds, and in and to all surety bonds supporting such subcontracts;..."

24. Ohio Casualty has perfected its security interest by filing the UCC Financing Statement and UCC Financing Statement Amendment attached hereto as Exhibit "C."

## COUNT I

## BREACH OF THE INDEMNITY AGREEMENT

25. Ohio Casualty incorporates paragraphs 1 through 24 of this Complaint by reference as if fully set forth herein.

26. Ohio Casualty has performed and is performing its obligations pursuant to the Bond it wrote on behalf of JMCC and has demanded that the Defendants perform in accordance with the terms of the Indemnity Agreement. The Defendants have failed and refused to perform their obligations under the Indemnity Agreement and are therefore in breach of same.

27. As a result of the Defendants' breach of contract under the Indemnity Agreement, Ohio Casualty has already received claims and notices of claims under its Bond and issued related Bond claim payments in the amount of $270,034.92. Ohio Casualty's total losses incurred to date under the contract, including $17,988.00 in legal fees, are equal to $288,022.92, which is in excess of the jurisdictional limit of this Court.

28. Ohio Casualty is likely to incur additional losses, the total exact amount of which losses and expenses are unknown at this time, all for which the Defendants are jointly and severally liable to indemnify and hold harmless Ohio Casualty.

## COUNT II

## EXONERATION

29. Ohio Casualty incorporates paragraphs 1 through 28 of this Complaint by reference as if fully set forth herein.

30. Ohio Casualty has been called upon by the Owner, subcontractors and/or vendors to perform pursuant to its obligation under the Bond, and, as a result, has estimated that it will suffer losses and expenses in the minimum amount of $288,022.92, and has potential liability to the extent of the penal sum of the Bond, which is $2,395,000.00, and has made demand on the Defendants to exonerate it and to issue payment in the amount of $288,022.92 to Ohio Casualty. The Defendants have failed and refused to remit such payment.

31. Pursuant to the terms of the Indemnity Agreement, Ohio Casualty is entitled to be exonerated by the Defendants herein and is therefore entitled to an Order from this Court requiring the Defendants to place funds or other security with Ohio Casualty in the amount of $288,022.92 and for such further amounts as may be appropriate.

## COUNT III

## *QUIA TIMET*

32. Ohio Casualty incorporates paragraphs 1 through 31 of this Complaint by reference as if fully set forth herein.

33. As set forth more fully above, Ohio Casualty has received numerous claims under its Bond and has demanded the Defendants to hold harmless and exonerate it from and against its potential losses. The Defendants have refused to perform their obligations pursuant to the Indemnity Agreement.

34. The Defendants have failed and refused and continue to refuse to perform their obligations under the Indemnity Agreement, and Ohio Casualty fears that it will suffer further due

to the Defendants' default and failure to honor their obligations to Ohio Casualty under the Indemnity Agreement currently in an amount of at least $288,022.92.

35. Based upon Ohio Casualty's fears of potential losses, the Defendants' failure to honor their obligations under the Indemnity Agreement, and the equitable principal of *quia timet*, Ohio Casualty is entitled to hold collateral from the Defendants in an amount valued no less than $288,022.92 in order that Ohio Casualty's rights are adequately protected. Unless the Defendants are ordered to immediately place collateral with Ohio Casualty, Ohio Casualty will not be adequately secured for its obligations under the Bond.

## COUNT IV

## SPECIFIC PERFORMANCE

36. Ohio Casualty incorporates paragraphs 1 through 35 of this Complaint by reference as if fully set forth herein.

37. Ohio Casualty has demanded that the Defendants honor their obligations to it under the Indemnity Agreement, and the Defendants have wrongfully refused to, and continue to refuse to do so.

38. Ohio Casualty is entitled to specific performance of the Indemnity Agreement and to be placed in funds or to receive collateral from the Defendants in an amount equal to Ohio Casualty's loss and potential losses under its Bond, which is currently estimated to be $288,022.92 and which Ohio Casualty reserves the right to supplement to conform to its actual losses and potential losses under its Bond.

## COUNT V

## INJUNCTIVE RELIEF

39. Ohio Casualty incorporates paragraphs 1 through 38 of this Complaint by reference as if fully set forth herein.

8

40. Pursuant to the Indemnity Agreement, Ohio Casualty made a demand on the Defendants for reimbursement for losses incurred by Ohio Casualty to date. Defendants are required to comply and pay the amount requested under that demand. The Defendants refused and ignored Ohio Casualty's request, and have refused to reimburse Ohio Casualty for its losses in accordance with the Indemnity Agreement.

41. Defendants are in default of their obligations to material suppliers and subcontractors on the Project. Upon information and belief, the Defendants did not have the resources to finance completion of the Project.

42. Ohio Casualty justifiably believes that it may suffer additional losses in the completion of the bonded Project, and that it may be required to pay additional claims of unpaid material suppliers, and subcontractors on the bonded Project.

43. Based upon Ohio Casualty's review of the Project as provided by the Defendants, as well as the $270,034.92 of payment bond claims that Ohio Casualty has already paid plus its related legal fees, it is estimated that Ohio Casualty will suffer losses and expenses on the bonded Project in an amount not less than $288,022.92.

44. In accordance with the Indemnity Agreement, pursuant to the equitable doctrines of exoneration and *quia timet*, Ohio Casualty is entitled to have Defendants place funds or other security totaling $288,022.92 to cover Ohio Casualty's losses, but the Defendants have wrongfully failed and refused to place such security with Ohio Casualty.

45. Ohio Casualty is entitled to be fully collateralized by Defendants prior to making any further payments in discharge of its bonded obligations. Unless injunctive relief is granted, Ohio Casualty will not be adequately secured for its obligations under the Bond. Further, unless injunctive relief is granted, Defendants are likely to sell, transfer, dispose, lien, secure or otherwise

divert their assets from being used to discharge their obligations to exonerate and indemnify Ohio Casualty, all to Ohio Casualty's irreparable harm.

46. As set forth in Paragraphs 22 through 24 of this Complaint, Defendants have assigned their assets to Ohio Casualty and Ohio Casualty now has a perfected security interest in the same.

47. Ohio Casualty is entitled to injunctive relief precluding Defendants from dissipating or misappropriating assets in which Ohio Casualty holds a perfected security interest.

48. Ohio Casualty is without a plain, speedy or adequate remedy at law, and will be irreparably and permanently injured unless this Court grants the injunctive relief and equitable relief as prayed herein.

NOW, WHEREFORE, the Plaintiff, The Ohio Casualty Insurance Company, demands:

(a) Judgment on Count I of its Complaint against the Defendants, jointly and severally, in the amount of $288,022.92 with interest thereon at the legal rate from the date of payment by Ohio Casualty until paid by the Defendants, which amount Ohio Casualty reserves the right to amend to conform to its actual losses incurred herein;

(b) Judgment on Count II of its Complaint against the Defendants, jointly and severally, currently in the amount of $288,022.92, exonerating and relieving Ohio Casualty from all liability, loss, costs, damages, and expenses under its Bond, whether known, incurred, or to be incurred, and by the use of such means as the Court may deem just, reasonable and feasible;

(c) Judgment on Count III of its Complaint against the Defendants, jointly and severally, in an amount of at least $288,022.92, requiring the Defendants to immediately provide Ohio Casualty with collateral, consisting of real or personal property to protect Ohio Casualty from its potential losses as set forth herein;

(d)    Judgment on Count IV of its Complaint against the Defendants, jointly and severally, requiring that they specifically perform their Indemnity Agreement obligations by placing funds or collateral with Ohio Casualty in the amount of Ohio Casualty's losses and potential losses under the Bond, currently in the amount of $288,022.92 and grant such Orders as are appropriate to enforce the assignment provisions of the Indemnity Agreement as set forth hereinabove;

(e)    That the Court grant the Plaintiff, Ohio Casualty the injunctive relief it seeks in Count V enjoining the Defendants from transferring or conveying any assets they own, possess, or have any rights in, during this cause of action;

(f)    Judgment against the Defendants, jointly and severally, for Ohio Casualty's reasonable attorneys' fees, expenses and costs incurred herein, as set forth hereinabove; and

(g)    For any and all other relief which the Court may deem appropriate.

Respectfully submitted,

*BENTZ LAW FIRM, P.C.*

*/s/ Amy E. Bentz*
Amy E. Bentz
PA I.D. No. 52691
aebentz@bentzlaw.com

*/s/ James W. Bentz*
James W. Bentz
PA I.D. No. 53792
jwbentz@bentzlaw.com

The Washington Center Building
680 Washington Road, Suite 200
Pittsburgh, PA 15228
Phone: (412) 563-4500
Fax: (412) 563-4480

*Counsel for Plaintiff, The Ohio Casualty Insurance Company*